UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TOMMIE L. KING,

                              Plaintiff,

v.                                               Civil Action No. _____

MERCANTILE ADJUSTMENT BUREAU, LLC,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and for Defendant's violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA") which restricts the use of automatic/artificial/prerecorded voice messages to pre-existing business relationships, and requires the proper identification and contact information of the entity using such a device to be contained in the said message.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. That Plaintiff's cause of action under the TCPA is predicated upon the same facts and circumstances that give rise to her federal cause of action. As such, this Court has supplemental jurisdiction over Plaintiff's TCPA causes of action pursuant 28 U.S.C. §1367

4. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

5. Plaintiff Tommie L. King is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. That at all times relevant herein, Plaintiff was and is a "person" as defined by 47 U.S.C. §153(32).

7. Defendant Mercantile Adjustment Bureau, LLC, (hereinafter "Mercantile") is a domestic business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

8. Defendant regularly attempts to collect debts alleged to be due another.

9. That Defendant, at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by 47 U.S.C. §153(14), that originated, routed, and/or terminated telecommunications.

10. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

11. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by 47 U.S.C.§153(22).

12. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by 47 U.S.C. §153(43).

13. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by TCPA, 47 U.S.C. §153(52), that existed as instrumentalities of interstate and intrastate commerce.

14. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

15. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

16. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

### IV. FACTUAL ALLEGATIONS

17. That upon information and belief, Plaintiff does not owe any debt.

18. That upon information and belief, Isaiah Warmley incurred a debt to Orkin, LLC. This debt will be referred to as the "subject debt."

19. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

20. That Plaintiff Tommie L. King does not live with Isaiah Warmley nor do they share a telephone number. Isaiah Warmley is deceased and unrelated to Plaintiff.

21. That upon information and belief, Defendant was employed by Orkin, LLC to collect on the subject debt.

22. That in or about December, 2009, Defendant began calling Plaintiff multiple times per week, in an attempt to collect on the subject debt. When Plaintiff did not answer, Defendant would sometimes leave a pre-recorded/artificial voice message. In the subject messages, Defendant's recording/artificial message would state that the call was for Isaiah Warmley, and requested a return call regarding an important business matter. Defendant's recording/artificial message then stated the call was an attempt to collect a debt by a debt collector.

23. That between the months of December, 2009 through June, 2010, Defendant made several telephone calls to Plaintiff's telephone, wherein an artificial and/or prerecorded voice message was left on Plaintiff's voicemail. On average Plaintiff received six calls per week from Defendant.

24. That during the roughly six month time period from December 2009 through June 2010, Plaintiff returned Defendant's call approximately seven times and spoke with a Defendant representative. In each of the aforementioned conversations, Plaintiff informed Defendant that the number dialed was not Isaiah Warmley's and that Plaintiff did not live with Isaiah Warmley. Plaintiff further informed Defendant that Isaiah Warmley had passed away over six years ago. Plaintiff always requested that Defendant stop calling and that her telephone number be removed from Defendant's system. Each time, Defendant assured Plaintiff that the number would be taken out of Defendant's system.

25. That despite Plaintiff informing Defendant that the wrong party was being contacted and that Isaiah Warmley was deceased, Defendant continued to call Plaintiff and leave pre-recorded/artificial voice messages on Plaintiff's answering machine. The calls continued until July, 2010.

26. That as a result of Defendant's acts, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. COUNT ONE
(Fair Debt Collection Practices Act
And 15 U.S.C. §1692 et seq.)

27. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 26 above.

28. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(5), and 15 U.S.C. §1692f, by repeatedly causing Plaintiff's telephone to ring and repeatedly engaging Plaintiff in telephone conversations.  The natural consequence of such action was to harass, oppress, and abuse the Plaintiff through an unfair and unconscionable attempt to collect the subject debt.

    B. Defendant violated 15 U.S.C. §1692b(3), 15 U.S.C. §1692f, and 15 U.S.C. §1692d by contacting Plaintiff, who is a third party to the subject debt,  more once without being requested they do so.  Despite having been informed the debt was not Plaintiff's, and that Isaiah Wamley had passed away over six years ago, Defendant continued to call Plaintiff.  The natural consequence of such action was to harass, oppress, and abuse the Plaintiff, in an unfair unconscionable attempt to collect the subject debt, a debt which was not Plaintiff's.

29. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

## VI. COUNT TWO
(Telephone Consumer Protection Act of 1991
and 47 C.F.R.64.1200, et seq.)

30. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

31. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C. §227, et seq. and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's telephone service and/or using an  artificial and/or prerecorded voice to deliver messages without having the consent of Plaintiff to leave such messages.

32. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

33. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

34. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, and disturbed her peace and tranquility at home and elsewhere.

35. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages and experience severe emotional distress.

36. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys fees.

37. Plaintiff received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

38. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling each Plaintiff to a maximum of treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and 47 U.S.C. §223(b)(3)(B).

(c) Treble statutory damages pursuant to 47 U.S.C. §227b(3).

(d) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: September 30, 2010

      /s/ Kimberly T. Irving_____
Kenneth R. Hiller, Esq.
Kimberly T. Irving, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
      kiriving@kennethhiller.com